FILED
MAY 2 2005
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| Equal Employment Opportunity Commission, <br><br> Plaintiff, <br><br> v. <br><br> Specialty Publishing Company, <br><br> Defendant. | CIVIL ACTION NO. <br><br> **05C 2613** <br><br> JUDGE AMY ST. EVE <br><br> <u>COMPLAINT</u> <br><br> <u>JURY TRIAL DEMAND</u> <br><br> MAGISTRATE JUDGE ASHMAN |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices and to provide appropriate relief to Amer Mirza who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), contends Defendant, Specialty Publish Company ("Specialty" or "Defendant") violated Title VII by subjecting Amer Mirza to a hostile and abusive work environment because of his religion (Islam) and his national origin (Indian, and/or not European or American), and by discharging him on September 2, 2003 because of his religion and national origin.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been and is now doing business in the State of Illinois, County of Du Page, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit Amer Mirza filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. During 2003 Defendant violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Amer Mirza to a hostile and abusive work environment because of his religion (Islam) and his national origin (Indian, and/or not European or American), and by discharging him on September 2, 2003 because of his religion and national origin.

8. The effect of the practices complained of in paragraph seven above has been to deprive Amer Mirza of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion and national origin.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Amer Mirza.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, managers, agents, successors, assigns, and all persons in active concert or participation with it, from

engaging in any employment practice which discriminates on the basis of religion and/or national origin.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Muslims and persons of Indian national origin and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Amer Mirza by providing compensation for pecuniary losses resulting from the unlawful employment practices described above;

D. Order Defendant to make whole Amer Mirza by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

E. Order Defendant to pay Amer Mirza punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

F. Order Defendant and its successors to provide training to its officers, managers and employees regarding discrimination in the workplace;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

Eric S. Dreiband
General Counsel

James Lee
Deputy General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory Gochanour
Supervisory Trial Attorney

Gordon Waldron
Senior Trial Attorney
Equal Employment Opportunity
Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-7525

D:\MYFILES\Folders\Speciality\Complaint.wpd

5